# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 22-cr-172 |
| vs. | : | JUDGE EDMUND A. SARGUS, JR. |
| RAYMOND L. WILLIAMS, | : | |
| Defendants. | : | |

## OBJECTIONS TO PRESENTENCE REPORT
## AND
## SENTENCING MEMORANDUM

RAYMOND WILLIAMS, by and through undersigned counsel, hereby files his objections to the presentence report and his sentencing memorandum to assist the Court in imposing sentence.

DATED this 14th day of June, 2023.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

/s/ *Deborah L. Williams*
Deborah L. Williams  (AZ 010537)
Federal Public Defender

Office of the Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio  43215-3469
(614) 469-2999
Deborah_Williams@fd.org

Attorney for Raymond Williams

I. **Presentence Objections**

**(A) Count 10: Enhancement for Undue Influence – USSG §2G1.3(b)(2).**

As the presentence report indicates, this 2-level increase is subject to a rebuttable presumption. The age difference creates a presumption of at least "some degree" of undue influence; however, the determination is based on the facts at hand.

The report discusses John Doe Three at ¶¶40-42, 46. The defense does not dispute the familial relationship or the age difference, but the facts as set forth in the PSR and in the plea agreement do not support the presumption. On page 12 of the plea agreement, for example, there are two descriptions of text messages related to Mr. Williams bringing John Doe Three a vape pen, as requested by John Doe Three. In the July 3, 2022 exchange, John Doe Three asked for a vape pen and when Mr. Williams asked whether he could perform oral sex on John Doe Three, John Doe Three responded affirmatively and in a way that could be described as transactional. In the July 11 text message, John Doe Three asked for a vape pen and Mr. Williams answered in a transactional manner but then immediately retracted the suggestion and said "never mind." He did not manipulate, lie to, threaten, or in any other way exert undue influence over John Doe Three.

Arguably the relationship between John Doe Three and Mr. Williams could viewed as lending itself to manipulation or undue influence. However, the relationship is accounted for under USSG §2G1.3(b)(1). [PSR ¶80] It could also be argued that the age difference between John Doe Three and Mr. Williams could lend

2

itself to manipulation or undue influence. That factor is accounted for under USSG §2G1.3(b)(2). [PSR ¶82] Even if age was not already taken into consideration, the difference in age is not a sufficient basis for this enhancement. *United States v. Davis,* 924 F.3d 899 (6th Cir. 2019).

**(B)    Correction**

While going back through the objections, defense counsel noticed that ¶85 incorrectly states "The victim confirmed the defendant performed oral sex on him as well as made the victim masturbate John Doe Three." In this paragraph the victim is John Doe Three. Therefore, counsel believes the end of the statement should read "…the victim masturbate Mr. Williams."

**II.    Sentencing Memorandum**

On March 2, 2023, Raymond Williams pleaded guilty to Sexual Exploitation of a Minor and Coercion & Enticement of a Minor. He is now before this Court for sentencing.

The Court is tasked with imposing "a sentence sufficient, but not greater than necessary," to vindicate Congress' sentencing mandate, set forth in 18 U.S.C. § 3553(a)(2). The Court must begin sentencing proceedings by first correctly calculating the applicable guideline range. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). However, this guideline range is only "the starting point and the initial benchmark." The Court "may not presume that the guideline range is reasonable." *Id.* at 596-97. A sentencing court is "free to make its own reasonable application of the 18 U.S.C. §

3

3553(a) factors, and to reject (after due consideration) the advice of the guidelines." *Kimbrough v. United States*, 552 U.S. 85, 113 (2007) (Scalia, J., concurring). "[E]xtraordinary circumstances [are not required] to justify a sentence outside of the guidelines range." *Gall* at 595.

Utilizing this framework, Mr. Williams submits that a sentence of not more than 360 months' imprisonment, followed by 15 years of supervised release, would satisfy Congress' codified purposes in sentencing because it would reflect the seriousness of the offense, provide just punishment, provide adequate deterrence, and protect the public from further crimes committed by Mr. Williams. 18 U.S.C. § 3553(a)(2).

### A. § 3553(a) Factors

*Nature and Circumstances of the Offense and History and Characteristics of the Defendant: 18 U.S.C. § 3553(a)(1)*

These are very serious offenses and the statutes as well as the Guidelines direct a severe sentence. That said, Mr. Williams' background provides ample reason for a downward departure and/or variance to reach the range stipulated in the plea agreement.

Mr. Williams' life was all but doomed from the start. Indeed, the fact that he previously attempted suicide, and that the idea still crosses his mind, is far from surprising. He was born to a couple who did not care for him and gave him up just a few short years after he was born. His drug-addicted birth mother died of AIDS and his birth father was completely absent. He spent his childhood years (in his case, "childhood" is a misnomer) in foster care where he was neglected, beaten, and sexually abused. His siblings fared no better – two of them have already

4

died, one from murder – and the two remaining siblings are alive but have minimal contact with him.  He has no family support at all.

Although Mr. Williams has had three children with three women, at least one of whom is an addict, none of those women have been in contact with counsel or probation.   At this point Mr. Williams is fully homeless and without resources of any kind.  His life has been one tragedy after another, and the actions that brought him before this Court suggest that what he received as a child he passed on to his own children.  That was not who he wanted to be, but when he played the cards life dealt him there is no question that he played them wrong.

Mr. Williams has participated in counseling at various points in his life, but it appears those efforts were sporadic.  He would like to participate in whatever counseling is available.

***The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed education, vocational and correctional treatment: 18 U.S.C. § 3553(a)(2)(A)-(D)***

The plea agreement provides a stipulated sentencing range of 360-720 months (30-60 years).  While the government likely will argue for the top of that range, a sentence of 30 years will meet every objective of sentencing.  After 30 years in prison, Mr. Williams will be nearing 70 years old.  While his own health conditions may or may not accelerate and worsen, he will be at an age where neither his health conditions nor his quality of life are likely to improve.  He will have no health care.  He will be released to homelessness at a point in his life when shelter is even more critical.  Depending on whether he is eligible for work in prison, he will have been fully jobless for 30+ years.  His access to most BOP programming will be foreclosed because of

the nature of his convictions. His prison time will be long and harsh, and there will be no escaping the deterrent message of his sentence. He will have been incapacitated and segregated from society for three full decades. Three decades, followed by 15+ years of supervision is enough.

When he is released from prison Mr. Williams will need every resource available through probation – housing, employment, medical and mental health, and of course supervision. If he survives his sentence, he will be a very high needs client.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

/s/ *Deborah L. Williams*
Deborah L. Williams (AZ 010537)
Federal Public Defender

Office of the Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
(614) 469-2999
Deborah_Williams@fd.org

Attorney for Raymond Williams

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Motion was electronically served upon all parties on the day of filing.

/s/ *Deborah L. Williams*
Deborah L. Williams
Federal Public Defender